Rojelio E. RIVERA, Petitioner,

v.

Dr. P. J. CICCONE, Director, United States Medical Center for Federal Prisoners, Springfield, Missouri, Respondent.

Civ. A. Nos. 17230-3, 17273-3.

United States District Court,
W. D. Missouri, W. D.

July 23, 1969.

Rojelio E. Rivera, pro se.

Frederick O. Griffin, Jr., Asst. U. S. Atty., Kansas City, Mo., for respondent.

ORDER DISMISSING APPEAL
OF PETITIONER

BECKER, Chief Judge.

The final order of this Court in the above consolidated cases was entered

on June 27, 1969, wherein it was found and concluded that petitioner had been accorded all relief to which he was entitled under the United States Supreme Court decision in Johnson v. Avery, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718, and that the program of legal assistance instituted at the Medical Center was a "reasonable alternative" to inmate legal assistance within the terms of the same case. In that order no further relief was granted to petitioner beyond that which had been granted him by the interlocutory order of this Court which commanded respondent's obedience of the rule of Johnson v. Avery, supra. Respondent complied with the interlocutory order. Further, the Court declined to enjoin respondent permanently from enforcing its policy statement against inmate legal assistance. All punishments of record and forfeitures of good time had been expunged and removed from petitioner's record by respondent in compliance with the interlocutory order, and it was averred by respondent that petitioner had suffered no loss of good time to be restored to him.

Petitioner submitted a notice of appeal received in this division on July 14, 1969, wherein he stated that he desired to appeal from the order of June 27, 1969, in forma pauperis. Petitioner duly submitted therewith an in forma pauperis affidavit. After the preparation of an order ruling on petitioner's motion to appeal in forma pauperis, but before it was signed or filed, petitioner moved the court by and through his court appointed counsel, C. Wallace Walter, Esquire, to dismiss his appeal. Notice was given simultaneously to the attorney for respondent herein. Rule 42(a) of the Rules of Appellate Procedure provides that:

> "If an appeal has not been docketed, the appeal may be dismissed by the district court upon the filing in that court of a stipulation for dismissal signed by all the parties, or upon motion and notice by the appellant."

See also 9 Moore's Federal Practice ¶ 73.12, p. 3208 (1968 ed.). It thus appears that Rule 42(a) of the Rules of Appellate Procedure has been complied with by petitioner herein. It is therefore

Ordered, in accordance with Rule 42(a) of the Rules of Appellate Procedure, that petitioner's appeal be, and the same is hereby, dismissed.